UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID EMMANUEL SAMAYOA JUAREZ,

Petitioner,

v.

Case No. 2:26-cv-2515-KCD-KRH

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
_______________________________/

# ORDER

Petitioner David Emmanuel Samayoa Juarez was provided with a bond hearing under 8 U.S.C. § 1226(a) on August 18, 2026. (Doc. 3-1 at 14.)[1] He argues that this proceeding before an immigration judge was constitutionally deficient and asks the Court to release him or order a new hearing. (Doc. 1-1 at 3.) The Government opposes the petition. (Doc. 3.)

Here is the unavoidable problem: this is not an immigration court of appeals. Congress could not have been clearer when it wrote 8 U.S.C. § 1226(e), explicitly stripping federal courts of authority to review "a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [an alien's] detention or release."

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

*Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). This provision closes the door on judicial review of the executive branch's discretionary detention choices. *Id.* at 295. While federal courts may retain a narrow window to address colorable constitutional claims, a litigant cannot bypass that boundary simply by slapping a constitutional label on what is a factual grievance. *See Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *8 (S.D. Fla. Sept. 26, 2024) ("[T]his Court does not have jurisdiction to review the decision of the immigration judge to deny Petitioner bond[.]").

Juarez's petition is an invitation for this Court to reweigh the facts from the bond hearings and reach a different result. He claims the immigration judge's decision was erroneous. (Doc. 1-1.) But that is exactly the kind of factual second-guessing § 1226(e) prohibits. This Court cannot substitute its own assessment of the information presented to the immigration judge. Our job is to ensure that Juarez received the required statutory process, not to guarantee him a winning outcome. Because he received that process, his remedy for any perceived error lies with an appeal to the Board of Immigration Appeals, not a motion to enforce here. *See, e.g., Chox v. Hardin*, No. 2:26-cv-165-JES-DNF, Doc. 17 at 2 (M.D. Fla. Mar. 24, 2026).

Because Juarez has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would

necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on October 3, 2026.

Kyle C. Dudek
United States District Judge